IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WAYA TSALAGI JONES, | ) | 4:11CV3123 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LEO DOBROVOLNY, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed her Complaint on July 25, 2011. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.   SUMMARY OF COMPLAINT

Plaintiff filed her Complaint on July 25, 2011, against Leo Dobrovolny, an attorney who currently resides in Alliance, Nebraska. (Filing No. 1 at CM/ECF p. 1.) Plaintiff is a non-prisoner who currently resides in Hot Springs, South Dakota. (*Id*.; *see also* Docket Sheet.)

Condensed and summarized, Plaintiff alleges that Defendant represented Bret Tschacher in 1981 and then prosecuted Tschacher in 2000.[1] (*Id*. at CM/ECF p. 3.) Plaintiff, who is Tschacher's wife, argues that it is unlawful for a prosecuting attorney to prosecute a former client. (*Id*.) Plaintiff asks the court to "restore" Bret

---

[1]The court takes judicial notice that Bret Tschacher was recently found guilty of being a felon in possession of a firearm and sentenced to 21 months in prison. (*See United States v. Tschacher*, Case No. 09CR3025, Filing No. 108.)

Tschacher's rights and to order restitution for "11 years of . . . lies." (*Id*. at CM/ECF p. 6.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

In order for Plaintiff to proceed with her claims, she must have standing. Standing is a jurisdictional requirement that "can be raised by the court sua sponte at any time during the litigation." *Delorme v. United States*, 354 F.3d 810, 815 (8th Cir. 2004). As a general rule, to establish standing a plaintiff must assert her legal rights

or interests and not "the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975). Moreover, a non-attorney pro se litigant may not represent someone else in federal court. *See* 28 U.S.C. § 1654; *Iannacone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (concluding a non-attorney pro se party may not represent another's interests).

Although it is unclear, Plaintiff appears to assert an attorney malpractice claim against Defendant on her husband's behalf. Alternatively, she may be attempting to challenge her husband's conviction. However, as discussed above, Plaintiff may not assert the legal rights of her husband without standing to do so. Moreover, even if Plaintiff could establish standing to litigate her husband's claims, she is a non-attorney pro se litigant and may not represent her husband in this court without an attorney. Accordingly, Plaintiff's Complaint must be dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 6th day of October, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.